Filed 6/25/13  P. v. Nicholson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071918 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00334) |
| v. | |
| TERA LEE NICHOLSON, | |
| Defendant and Appellant. | |

Defendant Tera Lee Nicholson pled no contest to unlawfully driving under the influence of alcohol and the enhancements of causing bodily injury to more than one victim and causing great bodily injury to one victim.  Before sentencing, defendant moved to withdraw her plea.  The court denied her motion and sentenced her to seven years four months in prison.  On appeal, defendant contends the court abused its discretion by denying her motion to withdraw her plea because her prior counsel was constitutionally ineffective.  Disagreeing, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, emergency personnel responded to a car crash at Folsom Lake Bowl.  When they arrived, they found a severely damaged car inside the patio area.  The

1

police found defendant next to the driver's door and noticed a "strong odor of an alcoholic beverage." Defendant told the officers she was driving and admitted she had been drinking.

Defendant was charged with driving under the influence of alcohol. It was further alleged that she caused bodily injury to more than one victim and that she caused great bodily injury to one victim. Following two public defenders, John Casey (hereafter prior counsel) was substituted in as defense counsel. With prior counsel's assistance, defendant accepted a no contest plea agreement and the matter was referred to the Sacramento County Probation Department. Defendant admitted to the probation officer she was driving the car the night of the accident.

On the day of her sentencing hearing, defendant -- represented by new counsel Donald Masuda -- moved to withdraw her plea. Defendant contended that prior counsel was constitutionally ineffective for failing to adequately investigate her case. She argued that further investigation was warranted because: (1) "[i]mmediately after the incident, officers were unable to locate any witness who saw [defendant] operating the Mustang"; (2) the one victim who identified defendant as the driver was purportedly a drug user and did not make an identification until a month after the incident; (3) defendant owned a Droid X cell phone at the time of the accident, not a Nokia phone, which is what was found in the center console of the vehicle; (4) the driver's seat air bag deployed fine white powder and there was no report of any white powder on defendant or her personal belongings; and (5) she did not sustain injuries consistent with what would be expected in an air bag deployment. Defendant filed her own personal declaration and declarations of others to support these claims.

Defendant's declarations also included the following assertions: she had asked prior counsel to conduct an investigation, he initially assured her he would investigate the possibility that someone else was driving her car that night, and after the plea she found out no investigation had been made. Defendant "told [prior counsel] specifically that the

2

phone found in the [car] was not [hers]" and that, prior to entering her plea, prior counsel told her the results of the investigation "did not point to someone else driving that night," which was why she decided to take the plea agreement. Prior counsel advised her to tell the probation officer she was driving the car to demonstrate remorse.

In opposition, the People submitted declarations of prior counsel. He declared that defendant was upset by the length of her prison term but never gave a substantive reason for why. Before he was retained, he advised defendant it was unlikely that he would be able to secure a better offer. After he was retained, the prosecutor emailed him that if defendant did not take the current plea, the prosecutor would add further enhancement allegations. He met with defendant and explained the best choice for her was to pursue mitigation material. Later that month, he unsuccessfully asked the court and prosecutor for a lower sentence. Defendant was emotional when he was telling her this, and he "reminded her . . . she did not have to accept the offer if she didn't want to." Defendant never told him she doubted she was the driver or that the cell phone was not hers. He never told defendant he would investigate whether someone else was driving the car or that an investigation had actually occurred. He did not instruct defendant to tell the probation officer she was driving.

The court denied defendant's motion to withdraw her plea, finding that "[t]o the extent disputes or conflicting statements exist between the declarations of the defendant and those of [prior counsel], I credit [prior counsel]'s statements."

DISCUSSION

Defendant contends the trial court abused its discretion in refusing to let her withdraw her plea because her prior counsel was ineffective. She attempts to prove her contention by reasserting the contents of her declarations and argues that because "a real defense existed, supported both by forensic evidence as well as witness testimony," prior counsel was ineffective for failing to investigate. Defendant's argument is without merit.

3

" 'Withdrawal of a . . . plea is left to the sound discretion of the trial court. A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' " (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208; see Pen. Code, § 1018.) " 'The power to judge credibility of witnesses, resolve conflicts in testimony, [and] weigh evidence . . . is vested in the trial court. On appeal all presumptions favor proper exercise of that power.' " (*People v. James* (1977) 19 Cal.3d 99, 107.) Here, the trial court made an explicit credibility determination in favor of prior counsel's declarations; therefore, we accept as true the statements made by prior counsel in his declarations and disregard conflicting statements of defendant.

With the above principles in mind, we examine whether prior counsel was ineffective to determine whether the court abused its discretion. " ' "[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.] Second, he must also show prejudice flowing from counsel's performance or lack thereof." ' " (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 466-467.)

Prior counsel declared that defendant never told him she thought someone else was driving, that the phone in the car was not hers, or that she wanted a secondary investigation. To the contrary, defendant told him on more than one occasion that she *was* the driver. Based on these facts, prior counsel would have had no reason to think that an additional investigation was necessary. Therefore, his representation of defendant did not fall below an objective standard of reasonableness. Based on these facts, which the trial court credited, it was well within its discretion to deny defendant's motion to withdraw her plea.

4

DISPOSITION

The judgment is affirmed.


      ROBIE     , J.


We concur:


    NICHOLSON   , Acting P. J.


    DUARTE   , J.

5