Filed 9/11/13  P. v. Dunbar CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C073055 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F1534) |
| v. | |
| ANTHONY LAMAR DUNBAR, | |
| Defendant and Appellant. | |

Defendant Anthony Lamar Dunbar pleaded no contest to spousal abuse and admitted he inflicted great bodily injury on the victim.  Prior to sentencing, defendant made a *Marsden*[1] motion and sought to withdraw his plea.  The trial court denied the motion to substitute counsel and defendant appeals this ruling.  We affirm.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

1

BACKGROUND[2]

Defendant and his girlfriend, April Wilson, had been living together for about a year. One morning they were arguing and defendant hit Wilson, grabbed her by the throat and began to strangle her. Defendant threatened to kill her. Wilson lapsed into unconsciousness. When she revived, defendant told her she had had a seizure. Wilson sustained damage to her voice box, was unable to eat solid food for almost three weeks and suffered temporary hearing loss.

An information charged defendant with attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a)),[3] battery with serious bodily injury (§ 243, subd. (d)), spousal abuse (§ 273.5, subd. (a)), false imprisonment by force (§§ 236, 237) and two counts of dissuading a witness by force (§ 136.1, subd. (c)(1)). As to the spousal abuse charge, the information also alleged that defendant inflicted great bodily injury on the victim (§ 12022.7, subd. (e)).

Defendant pleaded no contest to spousal abuse and admitted the allegation he inflicted great bodily injury on the victim, in exchange for a stipulated term of seven years in state prison. The parties also agreed the remaining counts would be dismissed. At the sentencing hearing, defendant indicated he wanted to withdraw his plea. Counsel did not believe there was a basis for withdrawing the plea, absent a finding of ineffective assistance of counsel. Accordingly, the court held a *Marsden* hearing.

Defendant claimed counsel was ineffective and he should be allowed to withdraw his plea as: (1) he was unaware he was pleading to a strike; (2) he thought he would be serving less time than the agreed term; and, (3) he did not inflict great bodily injury on the victim, rather she had a seizure which caused her injuries. Defendant also said he had

---

[2] The substantive facts underlying defendant's conviction are not relevant to any issue raised on appeal and are therefore not recounted in detail.

[3] Undesignated statutory references are to the Penal Code.

not understood the great bodily injury enhancement and would not have admitted it if he had understood it, because the victim's seizure disorder caused her injuries not his beating. Defendant acknowledged at the time he entered the plea, he knew Wilson had a seizure condition and had discussed her condition with his attorney. He also told his attorney "several times that I don't think that the [great bodily injury] should be part of my deal because I did not cause her to have this condition that she has already and it's in her history." Defendant understood if he was convicted of every offense he had been charged with, he was facing a potential life sentence as opposed to the seven-year stipulated sentence.

In response to defendant's claims, counsel replied she had explained the charges to defendant, as well as his possible prison exposure and the consequences of sustaining a strike conviction, including the potential of increased sentences in the future. They discussed the amount of actual time he would serve on his sentence. Counsel provided a "very rough estimate" that on a seven-year sentence with the credits defendant had, there were approximately five years remaining on his sentence. Counsel stated she and defendant had discussed that Wilson's injuries could have been caused by a seizure rather than defendant's abuse. Counsel also discussed with defendant the possibility that the fight had induced the seizure which could constitute great bodily injury. In addition, they discussed what could happen at a trial "with regard to if [Wilson's] injuries were the result of a seizure versus whether they were directly inflicted by him and/or indirectly inflicted if the seizure was the result of the fight that they had, talked about self-defense, mutual altercations." Counsel acknowledged defendant had been struggling with the plea, and although he was not "thrilled with the result," she was confident he fully understood the plea.

The court found defendant had filled out a plea form expressly indicating he understood he was pleading to a strike, and would have limited credits as a result of the strike. The court also found defendant had "some buyer's remorse with regard to a plea

3

that, in my view -- and in preparing for your sentencing hearing . . . the DA gave you an exceptionally lenient offer.  My suspicion is -- and I tried many, many cases for 17 years in the criminal system -- is that you would have gone down for a lot more than seven years and to get seven years in negotiation was an exceptional job whether you like it or not."  Accordingly, the court denied the motion to relieve counsel and sentenced defendant in accordance with the plea.  The trial court granted defendant's motion for a certificate of probable cause.

DISCUSSION

Defendant contends the trial court should have granted his motion to withdraw his plea or appointed separate counsel to file a formal motion on his behalf.  He claims his assertion that Wilson's injuries were the result of a seizure rather than his abuse "should have caused sufficient concern to the court to consider appointment of separate counsel.  Counsel could review whether this potential defense had merit and if it should be discussed with an expert witness before [defendant] entered his pleas."

As a procedural point, defendant did not make a motion to withdraw the plea.  Counsel specifically stated she did not believe there were grounds to make a motion to withdraw the plea.  The trial court then held a *Marsden* hearing to determine whether substitute counsel should be appointed to make a motion to withdraw the plea on the grounds of ineffective assistance of counsel.  (*People v. Smith* (1993) 6 Cal.4th 684, 696 (*Smith*).)  The trial court denied this motion.  Accordingly, we review only defendant's claim that the trial court should have granted his *Marsden* motion and appointed substitute counsel.

Where a defendant seeks to withdraw a guilty plea on the basis of ineffective assistance of counsel, the court is obligated to explore the reasons underlying the request and, if "the defendant makes a 'colorable claim' of inadequacy of counsel, then the trial court may, in its discretion, appoint new counsel to assist the defendant in moving [to withdraw his plea].  [Citations]"  (*People v. Diaz* (1992) 3 Cal.4th 495, 574.)  However,

4

the trial court should appoint substitute counsel *only* when "the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]." (*Smith, supra,* 6 Cal.4th at p. 696.) " 'Denial of the motion [for substitution of appointed counsel] is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would "substantially impair" the defendant's right to assistance of counsel.' [Citation.]" (*Id.* at p. 701; quoting *People v. Webster* (1991) 54 Cal.3d 411, 435.)

There is no error here. The trial court allowed defendant to fully state his complaints and inquired into them. Defense counsel responded to each point. Defendant acknowledged he knew Wilson had a seizure disorder prior to entering his plea. In addition, prior to the plea, counsel and defendant discussed the issue of Wilson's seizure disorder and its potential impact on the case if they went to trial and in fact spent a "great deal of time" specifically discussing this point. Contrary to his claims now on appeal, at the trial court, defendant did not complain about counsel's investigation of the seizure disorder. The record shows no significant conflict between defendant and counsel, nor does it show inadequate representation.

Moreover to show an abuse of discretion in denying the *Marsden* motion, defendant would have to show the failure to replace counsel substantially impaired his right to effective assistance of counsel. In this case, that would mean he would have to show he would have succeeded on a motion to withdraw the plea. He would not have.

Under section 1018, at any time before judgment, a court may grant a defendant's motion to withdraw his plea for good cause. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416 (*Breslin*).) "To establish good cause to withdraw a guilty plea, the

5

defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1207-1208.) The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake. (*In re Moser* (1993) 6 Cal.4th 342, 352.)" (*Id.* at p. 1416.)

Defendant claims he established good cause to withdraw his plea by articulating a possible defense to the great bodily injury allegation, and that since "[t]he record does not disclose to what extent, if any, his claim had been investigated by counsel or whether his claim was medically credible . . . the possibility [of this defense] . . . was sufficient cause . . . to withdraw his plea." It was not. Defendant was not operating under any mistake, ignorance, or other factor overcoming his free judgment in entering the plea. He does not even allege he was. Defendant was aware of the victim's seizure disorder when he entered the plea. He and counsel extensively discussed the issue of Wilson's seizures and the possibility of utilizing the seizures as a defense. To the extent there was a lack of investigation about the medical viability that Wilson's seizures could have caused her injuries, it appears both defendant and counsel proceeded under the presumption the defense was medically viable. Defendant does not allege any new facts which have come to light since he entered the plea. Rather, this appears to simply be, as the trial court concluded, a case of buyer's remorse. A defendant is not permitted to withdraw his plea because he has changed his mind. Since there was no good cause, defendant would not have succeeded on a motion to withdraw the plea and the failure to replace counsel did not substantially impair his right to effective assistance of counsel. There was no error here.

6

DISPOSITION

The judgment is affirmed.


      BLEASE          , Acting P. J.


We concur:


   NICHOLSON       , J.


   MAURO         , J.