Filed 3/3/16  P. v. Foster CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FLOYD FOSTER, JR.,<br><br>    Defendant and Appellant. | F070371<br><br>(Super. Ct. No. F14905550)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Franson, J. and Peña, J.

# INTRODUCTION

Pursuant to a plea agreement, appellant Floyd Foster, Jr. pled no contest to one count of arson, a violation of Penal Code[1] section 451, subdivision (d), in exchange for dismissal of two other counts, the striking of his two prior convictions, and a three-year maximum sentence. Foster was sentenced in accordance with the plea agreement to a two-year prison term. He appealed and appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On June 6, 2014, around 11:00 p.m., the Fresno Fire Department responded to a call about a fire in an alley; the alley was flanked by apartment complexes. When the fire department arrived, they found a witness attempting to quell the fire with a garden hose and a fire in the middle of the alley. The pile of debris on fire was about 10 feet by 100 feet. The items burned included a sofa, mattress, and a box spring. The fire department determined the fire had been set intentionally and contacted the Fresno Police Department. At least two witnesses identified Foster as the person who set the fire. Among the items damaged by the fire was a PG&E pole and property owned by the State of California.

Foster was charged with one count of arson, a violation of section 451, subdivision (d); and two counts of attempting to dissuade a witness in violation of section 136.1, subdivision (a)(2). It also was alleged that he had two strike priors. On September 16, 2014, in the morning, the trial court discussed the offer that had been made to Foster, at which time it was noted that Foster faced a maximum exposure of 60 years to life if tried and convicted of all charges. The trial court also inquired whether Foster wanted more time to discuss the offer and possible change of plea with his attorney.

---

[1] References to code sections are to the Penal Code unless otherwise specified.

At the afternoon session on September 16, 2014, Foster entered into a plea agreement whereby he agreed to enter a no contest plea to count 1 and admit the two strike priors. In exchange for his plea, the People would dismiss the other two counts and it was agreed the prior convictions would be stricken and the maximum term of imprisonment would be three years. Foster initialed and signed a felony advisement, waiver of rights, and plea form.

The trial court went through each provision of the change of plea form in court with Foster, including the indicated sentence, consequences of entering the plea, and Foster's constitutional rights, with Foster indicating each time that he understood. At the conclusion of this exchange, the trial court found a factual basis for the plea. The trial court also found that Foster had knowingly and understandingly waived his constitutional rights and freely and voluntarily entered the plea. The other two counts were dismissed in accordance with the plea agreement.

On October 15, 2014, the matter was set for sentencing. The trial court granted Foster's motion to strike the prior convictions in the interests of justice. The trial court imposed the midterm of two years and various fines and fees. The abstract of judgment accurately reflects the sentence imposed.

Foster timely filed a notice of appeal and requested a certificate of probable cause, which was denied. Appellate counsel was appointed on February 9, 2015.

## DISCUSSION

Appellate counsel filed a *Wende* brief on April 8, 2015. That same day, this court issued its letter to Foster inviting him to submit a supplemental brief. Foster filed a supplemental brief May 1, 2015, indicating that his act had no malicious intent and the sentence imposed was unfair. In Foster's request for a certificate of probable cause, he claimed he felt pressured to enter into a plea out of fear of a strike prison sentence being imposed, had ineffective assistance of counsel, and there was no factual basis for the plea.

3.

The record reflects that the trial court thoroughly reviewed the change of plea form with Foster prior to accepting his no contest plea. The trial judge invited Foster to stop her at any point in the discussion if he did not understand, which he did on one instance to clarify the three-year lid sentence. Foster affirmatively represented that he understood the consequences of his plea and the waiver of his constitutional rights. The trial court sentenced Foster in accordance with his plea agreement and the abstract of judgment accurately reflects the sentence imposed.

Foster appears to be suffering from postplea apprehension, which is not a basis for setting aside a plea agreement. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.) Feeling pressured to enter into the plea agreement rather than face a sentence of 60 years to life does not constitute duress; Foster was under the same pressures as every other defendant faced with the option of going to trial or accepting a plea bargain. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

As for the factual basis, the arson was viewed by the fire department and police department and at least two witnesses identified Foster as the man who set the fire. Furthermore, there is no indication in the record that defense counsel rendered ineffective assistance. Defense counsel was able to negotiate a plea for a sentence with a three-year lid, dismissal of two other counts, and the striking of Foster's prior convictions; certainly a better result than a term of 60 years to life, which Foster faced in light of the witnesses and evidence in the case.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.