Filed 9/6/16  P. v. Woods CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WESLEY ROY WOODS,<br><br>Defendant and Appellant. | F071345<br><br>(Super. Ct. No. F13909494)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John J. Gallagher and Alan M. Simpson, Judges.[†]

Kurt David Hermansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Detjen, J. and Franson, J.

[†]    Judge Gallagher presided on January 15, 2015; Judge Simpson presided over all other hearings pertinent to this appeal.

## INTRODUCTION

Appellant Wesley Roy Woods pled no contest to one count of lewd acts on a child under the age of 14 years, a violation of Penal Code[1] section 288, subdivision (a), and admitted a prior strike allegation. In exchange for his plea, five other counts were dismissed. At sentencing, the trial court struck the prior conviction allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and imposed the midterm of six years for the offense. Woods appealed and appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On June 12, 2013, then 13-year-old G.B. and her stepfather, Woods, were walking when Woods asked the minor what she would do if he showed her his penis.[2] G. did not respond and Woods stated, "you just passed my test." Woods told G. that if he was to show her his penis and offer her money, "anything that went on between them would be just between them."

On June 14, 2013, Woods paid G. to let him touch her breasts on two occasions; he paid "$20 a pop" for a total of $40. In the first incident, G. was in the living room and Woods placed his hand on her breast. Later that evening, G. was outside her bedroom when Woods approached, put one hand on her breasts and one hand on her pants in the area of her vagina.

G. walked away from Woods, but he followed her. When she lay down on her bed, he pulled her pants down and rubbed his penis against her vagina. G. told him "no, I can't" and pulled her pants up. Woods pulled her pants down again and again touched his penis to her vaginal area. Woods stopped when he heard his wife, V.E., who is G.'s

---

[1] References to code sections are to the Penal Code.

[2] Certain persons are identified by initials in accordance with our Supreme Court's policy regarding protective nondisclosure. No disrespect is intended.

mother, come into the home and head down the hallway. V. saw Woods coming out of the bedroom and saw that he had "an obvious erection."

V. confronted Woods and asked what had happened; Woods gave "inconsistent statements." Woods then collected a few things and left the apartment. After Woods left, V. spoke to G.; G. showed her mother the $40 Woods had given her. V. asked G. where she got the money; G. told her mother what had happened.

The police department was contacted and on June 15, 2013, Detective Jason Bogard interviewed G. and V. Charges were filed against Woods on June 28, 2013. On July 24 and 25, 2013, a preliminary hearing was held. G. testified that when Woods rubbed his penis against her vagina, his penis penetrated her vagina "slightly but not completely" and there "was no pain."

G. also testified that on June 12 and again on June 13, 2014, Woods had come into her bedroom and placed his hand inside her underwear. V. was in the shower preparing for work. G. "squirmed" but did not otherwise resist. Woods stopped when he heard V. turn off the water in the shower.

After the July 2013 preliminary hearing, V. and G. moved to Georgia. Woods invoked his speedy trial rights and the People were unable to secure V.'s and G.'s attendance for trial. The People moved to dismiss and refile charges on October 7, 2013. Prior to moving to dismiss and refile, the People offered a plea bargain to Woods. The offer was to have Woods plead to one count of violating section 288, subdivision (a), in exchange for a six-year lid and dismissal of all other charges. Woods rejected the offer.

Charges were refiled and Woods was held to answer on the charges. Woods was charged in counts 1 through 4 with violating section 288, subdivision (a), lewd acts on a child under the age of 14 years; count 5 alleged a violation of section 288, subdivision (b)(1), forcible lewd acts on a child; and count 6 charged forcible rape of a child under the age of 14 years (§§ 261, subd. (a)(2)/264, subd. (c)(1)). It also was

3.

alleged that Woods had been convicted of robbery in 2006, which constituted a strike conviction under section 667, subdivisions (b) through (i).

On March 27, 2014, Woods entered into a plea agreement. In exchange for dismissal of counts 2 through 6, Woods pled no contest to count 1 and admitted the prior strike conviction allegation. The plea agreement provided for a sentence with a six year "lid" and preserved the right of Woods to request that the trial court strike the prior conviction at sentencing.

The felony advisement, waiver of rights and plea form specifically provided that a factual basis for the plea was based on the police reports and preliminary hearing transcripts; that Woods understood and was waiving his constitutional rights; and that Woods had been provided with sufficient opportunity to discuss the case and all possible defenses with his attorney. Defense counsel signed the form verifying that she had discussed the case and possible defenses with Woods, and had explained the plea form and the consequences of the plea. On March 27, 2014, the trial court explained to Woods his constitutional rights, accepted a waiver of each of those rights, and found the waiver to be given freely and voluntarily. The trial court accepted the plea of no contest to count 1 and set a date for sentencing.

On July 17, 2014, Woods moved to withdraw his plea on the grounds of newly discovered evidence. Woods signed a declaration stating a witness had been discovered that could not have been discovered prior to entry of the plea. Included in the moving papers was a declaration from Leon Carr, a pastor in Georgia. Carr stated that he had a conversation with V. who told him she was " 'high' " when she saw Woods in the hallway and "does not know what she really observed." Carr also stated that V. told him G. "lies all the time and she does not know what to believe." Carr went on to state that he spoke with G. and G. told him "she had lied about the actions" of Woods and "felt terrible for putting him in jail for something he did not do."

4.

On September 9, 2014, Woods filed a motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Among the allegations Woods listed was that defense counsel had refused to communicate with Woods or to discuss possible defenses to the case. The trial court scheduled a *Marsden* hearing for January 15, 2015.

At the January 15, 2015, hearing, Woods withdrew both his *Marsden* motion and his motion to set aside his plea. The trial court recessed to review the probation report and consider the defense request to strike the prior conviction pursuant to *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497.

The probation report noted there were several factors in aggravation and that Woods had the prior robbery conviction, which constituted a strike. Although the probation report noted the plea agreement called for a six year "lid," the report recommended imposition of the aggravated term of eight years, doubled to 16 years.

The parties addressed and argued the defense request to strike the prior conviction; the trial court granted the request. The parties then addressed factors in mitigation and aggravation, with the trial court ultimately imposing the six-year midterm, as provided for in the plea agreement. Various fines and fees were imposed and custody credits awarded.

The abstract of judgment was filed January 15, 2015, and accurately sets forth the sentence imposed by the trial court.[3]

Defense counsel filed a notice of appeal on behalf of Woods and sought a certificate of probable cause to challenge the plea. Defense counsel alleged that Woods felt he had entered into the plea agreement under "duress" resulting from "pressure" from the trial court, defense counsel, and the prosecutor. Woods also submitted a notice of appeal and request for a certificate of probable cause, alleging he had been subjected to "unfair pressure" to enter into the plea.

---

[3] The filed stamp on the abstract of judgment incorrectly shows a date of 2014.

5.

## DISCUSSION

Appellate counsel was appointed May 12, 2015. Appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d at page 436, on October 5, 2015. That same date, this court issued its letter inviting Woods to submit supplemental briefing. No supplemental brief was submitted.

As previously stated, in his request for a certificate of probable cause, Woods maintained he was subjected to "unfair pressure" to enter into the plea agreement. At the change of plea hearing, Woods verified that he had not been threatened in any way, nor had any promises been made to him other than as set forth in the plea agreement in order to induce him to enter into the plea. The trial court found the plea was entered into knowingly, intelligently, and voluntarily.

The record does not disclose any undue pressure or duress. Woods has described no more pressure than any other defendant faced with the option of going to trial or accepting a plea bargain. Feeling pressured to enter into a plea agreement does not constitute duress. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) It appears that Woods is suffering from postplea apprehension, which is not a valid basis for setting aside a plea agreement. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

After an independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

6.