Filed 12/18/20  P. v. Robinson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br> GUY DOUGLAS ROBINSON,<br><br>        Defendant and Appellant. | A158749<br><br>(Humboldt County<br>Super. Ct. No.<br>CR1805085) |

**MEMORANDUM OPINION**[1]

On the date set for trial, August 2, 2019, defendant entered a change of plea pursuant to a negotiated disposition.  He pled guilty to one count of continuous sexual abuse (Pen. Code, § 288.5, subd. (a)[2]) and one count of committing a lewd act on a child (§ 288, subd. (a)).  He also admitted an allegation of substantial sexual conduct with the victims (§ 1203.066, subd. (a)(8)).  Four other charges of felony child sex crimes were dismissed, and allegations that the victims were under the age of 14 and that defendant had

---

[1]  This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

1

committed offenses on multiple victims (§ 667.61, subds. (j)(2), (e); § 1203.066, subd. (a)(7)) were stricken.

Defendant executed a felony plea waiver form. And the trial court thereafter in open court duly reviewed the terms of the negotiated disposition with defendant and his attorney, including confirming that as part of the plea agreement defendant agreed to waive his right to appeal. The court's colloquy included the following exchange:

> "[Court]: Mr. Robinson, has anyone promised you anything other than what has been stated in open court in order to get you to enter into your plea?
>
> "[Defendant]: No, sir.
>
> "[Court]: Anyone threatened you or anyone close to you in order to get you to enter into that plea?
>
> "[Defendant]: No, sir.
>
> "[Court]: So you are entering your plea freely and voluntarily?
>
> "[Defendant]: Yes, sir."

The court, on completing its inquiry of defendant, found "the defendant understands the nature of the allegations in the information, the possible penalties and consequences of his plea, that he has freely and voluntarily waived his constitutional rights" and that there was "a factual basis for the plea."

The court then addressed the agreed-to waiver of the right to appeal:

> Court: "Do you understand, Mr. Robinson, that you are waving the right to appeal your negotiated disposition. Do you understand that?
>
> "[Defendant]: Yes.

"[Court]: In other words, you won't have any appellate review of the ultimate disposition here. Do you understand that?

"[Defendant]: Yes, sir."

Having taken defendant's plea, the court continued the case several times, at defendant's request, for sentencing.

When the matter was called for sentencing on September 12, defense counsel stated at the outset that defendant had, the night before, informed her that he wanted to make a motion to withdraw his plea. Counsel represented: "[Defendant] feels that there was some issues with the plea form. Additionally, he says that he was under duress at the time, largely based on the circumstances surrounding the fact that he was in custody facing life time and feels that the offer had been a bit coercive and felt that it was to the point of overcoming his free will. He also is concerned that there was some changes made to the plea form after he signed it." The trial court put the case over for defense counsel to review the matter and file a motion.

On the morning of the rescheduled hearing, October 2, the defendant filed his motion to withdraw his plea. His sole averred support for the motion was as follows: "At the time of the August 2, 2019 plea, I was under duress to take the District Attorney's offer because I was facing life in prison and felt I had no other choice to take the offer or be sentenced to life in prison. I now understand that my plea does not allow me to go to trial and offer defenses on my own behalf."

To give the prosecution time to review the motion, the court again continued the motion hearing and sentencing.

When the case was called on October 16, the prosecutor announced she was prepared to respond orally to the motion and argued there was no good cause shown and defendant had "simply changed his mind." Defense counsel,

3

after conferring with defendant, presented no argument and submitted on the moving papers.

The court also had before it the Probation sentencing report wherein the probation officer described his interview with defendant as follows:

"Defendant spoke to the offense in the present matter and stated he was not guilty and did not commit the offenses he was charged with. Defendant stated he knew that if he took the matter to trial, however, it would turn into a 'he said/she said' contest and he was sure the jury would side with the victim. He also stated he had no way of proving he did not commit the offenses, and so he took the plea deal that was offered him. Defendant explained that since he has been in custody, he has seen several people go to trial in sex offense cases believing that they will be vindicated, only to get sentenced to 100+ year prison terms. He commented, 'I'm 60 years old. 22 years in prison is pretty much a life sentence for me anyway.' "

The trial court, stating it saw nothing in the record that suggested "any kind of undo duress or coercion that–that would justify the withdrawal of the plea," denied the motion. It then sentenced defendant to a 22-year prison term in accordance with the agreed-to disposition.

At the end of the hearing, the court reviewed post-sentencing matters, including giving the standard advisement regarding appeal, including that counsel could be appointed and a record prepared without cost, but then pointed out it "believe[d] [defendant] waived his appellate rights." The prosecutor confirmed, "He did, your Honor," whereupon the court made a "notation of that."

A week later, on October 22, defendant filed a notice of appeal without requesting a certificate of probable cause.

Six months later, on May 5, 2020, defendant filed an amended notice of appeal, this time with a request for a certificate of probable cause, which was granted. Defendant now averred:

4

"When I entered my plea of guilty on August 2, 2019, I was overwhelmed with anxiety and pressure in that, although I had denied the charges, I was obsessed with the thought that the jury could believe the sympathetic minors and I would be convicted and sentenced to life in prison. I could not clearly and sufficiently evaluate the evidence against me nor was I able to recall that during my interviews with police that I repeatedly offered to take a lie detector test and submit to DNA testing. Also, since the alleged actions occurred many years ago, there was no medical/forensic evidence to support the allegations.

"I was ignorant of how important these factors would be during a jury trial and was mistaken about my chances of an acquittal at trial. All of these factors resulted in my being unable to exercise my free will and judgment when forced to decide whether or not to plead guilty or face life imprisonment. I now realize the decision to enter the plea was based upon all these factor[s] which overcame my rational thought process, and wish to withdraw the plea and proceed to jury trial."

The Attorney General first maintains defendant waived his right to appeal the denial of his motion to withdraw his plea. Defendant disputes that is the case, as his motion was a post-plea matter not included within the waiver. We need not, and do not, decide this issue, however, as we conclude the trial court did not abuse its discretion in denying defendant's motion.

Section 1018 provides, in part, "On application of the defendant at any time before judgment . . . , the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The defendant has the burden to show, by clear and convincing evidence, that there is good cause for withdrawal of his or her guilty plea. (§ 1018; *People v. Cruz* (1974) 12 Cal.3d 562, 566 ["But good cause must be shown by clear and convincing evidence."].) "To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.

5

[Citation.] The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416 (*Breslin*).) "However, '[a] plea may not be withdrawn simply because the defendant has changed his mind.' " (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208 (*Huricks*); accord, *People v. Simmons* (2015) 233 Cal.App.4th 1458, 1466 ["it is settled that good cause does not include mere 'buyer's remorse' regarding a plea deal"].) A defendant must demonstrate that he was pressured into the plea by more than the pressure experienced by "every other defendant faced with serious felony charges and the offer of a plea bargain." (*Huricks*, at p. 1208.)

The record here shows no more than a defendant, who on the day set for trial, faced a choice between proceeding forthwith in front of a jury and accepting a plea offer. As the trial court observed, defendant faced "a difficult decision." But it is the kind of decision defendants facing multiple serious felony charges invariably face, and it is not the kind of "duress" and perceived lack of "choice" that establishes good cause for the withdrawal of a plea. (*Huricks, supra,* 32 Cal.App.4th at p. 1208.)

Indeed, defendant implicitly concedes that the evidence he put before the trial court in support of his motion—namely the two sentences in his declaration we have quoted above—fails to establish good cause, as he focuses largely on his probable cause statement.

However, his request for a certificate of probable cause was not part of the record that was before the trial court when it ruled on defendant's motion. Moreover, the request was essentially an embellished assertion that defendant was extremely anxiety ridden about going to trial and, as a consequence, his free will was overcome. Further, the specific points defendant made in his request—that he had denied the charges, and offered

6

to take a lie detector test and to submit to DNA testing—had already been aired only five months earlier during the preliminary hearing.[3]  Defendant was represented by the same public defender at the preliminary hearing, during the plea negotiations, and in connection with preparing the motion to withdraw the plea.[4]  Thus, defendant's asserted "ignoran[ce]" of the significance of "these factors" is, again, simply further embellishment of his anxiety on the date of trial.  Notably, defendant did not make any claim in the trial court that he should be allowed to withdraw his plea due to ineffective assistance of counsel.  Nor has he advanced any such claim on appeal.  (Cf. *Breslin, supra,* 205 Cal.App.4th at pp. 1419–1420 [rejecting challenge to order denying motion to withdraw plea based in part on alleged ineffective assistance of counsel].)

We therefore conclude the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.  (See *People v. Ravaux* (2006) 142 Cal.App.4th 914, 917–918 [no abuse of discretion where defendant "indicated numerous times that he understood the consequences of the guilty plea and the rights he was waiving," he "completed the plea form, attesting that he understood and accepted fully the plea agreement and the rights he was required to waive in order to accept the deal," and while in front of the court, "was again apprised of his rights, informed of the consequences of a

---

[3]  The testimony at the preliminary hearing was not that defendant unequivocally denied the charges, but that he made statements like, " 'I don't think I could have done this' " and " 'I don't see myself doing anything like that; but when you're to the point where you're falling down drunk, people do stupid things.' "

[4]  In light of a trial conflict, a different public defender appeared at the continued hearing on the motion to withdraw.

guilty plea, and advised by counsel" and "acknowledged and answered affirmatively to each of the court's explanations before entering his plea"].)

## DISPOSITION

The judgment is AFFIRMED.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Sanchez, J.

A158749, People v. Robinson

9