Filed 4/29/14  P. v. Bishop CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059860 |
| v. | (Super.Ct.No. FWV1103216) |
| ANDRE DEPREE BISHOP, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Loleena H. Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

## STATEMENT OF THE CASE

On December 19, 2011, an information charged defendant and appellant Andre Depree Bishop with corporal injury to a spouse/child's parent under Penal Code[1] section 273.5 (count 1).  The information also alleged that defendant was on bail when he committed the current offense under section 12022.1.

On March 5, 2012, defendant was late to court; he was immediately placed into custody with bail set at $200,000.  Defendant was offered a plea agreement with a waiver under *People v. Vargas* (1990) 223 Cal.App.3d 1107, to plead guilty to count 1 and admit the enhancement violation in exchange for a two-year term in state prison.  Defendant was advised to appear for his hearing on July 1, 2012 or he would be found in violation of the *Vargas* agreement and receive a six-year term in state prison.  Defendant accepted the plea agreement offer, pled guilty to count 1 and admitted the enhancement.  Defense counsel did not join in the plea due to the potential consequences of the *Vargas* waiver and the strength of a possible defense.  The court then sentenced defendant to a total term of six years consisting of the upper term of four years on count 1, to run consecutive to the lower term of two years on the bail enhancement.  The court accepted defendant's *Vargas* wavier and released defendant on his own recognizance.  The court ordered defendant to appear for re-sentencing on July 16, 2012.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

On July 16, 2012, defendant failed to appear in court for re-sentencing and the court issued a bench warrant. On October 29, 2012, defendant filed a motion to withdraw his plea. On November 5, 2012, defendant amended the motion to withdraw the plea to include an oral transcript of the guilty plea and sentencing hearing. Defendant argued that he was under duress to accept the plea bargain because he had to balance his right to go to trial with his duty to provide for his family. On November 9, 2012, the prosecution filed an opposition to the motion to withdraw the plea. The court denied defendant's motion on November 19, 2012.

On December 4, 2012, the court found that defendant was in violation of the *Vargas* waiver. Hence, the court was no longer bound by the plea agreement. The court sentenced defendant to the upper term of four years on count 1, and the lower term of two years for the bail enhancement, to run consecutive. The court awarded a total of 300 days of presentence credits, 150 actual and 150 conduct.

On October 3, 2013, a constructive notice of appeal, which we authorized, was filed. On October 16, 2013, the court granted defendant's request for a certificate of probable cause.

## II

## STATEMENT OF FACTS[2]

Defendant and the victim had been dating for approximately 16 years and have two children together. On December 10, 2011, while released from custody on bail in

---

**2**     The parties stipulated to a factual basis based on the police reports during the change of plea hearing.

another case, defendant and the victim were involved in an argument. That night, defendant had gone out with friends. When he returned home, he turned on the victim's bedroom lights and started to talk to her. The victim became upset and yelled at defendant to let her sleep. Defendant pushed the victim to the chest with both of his hands, causing the victim to fall back and hit her face on the bed post. The victim told defendant to leave and called 911. When Officer Marc Simpson arrived, he noticed that the victim had redness and swelling around her right eye. The victim did not want to press charges against defendant for battery.

### III

### ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On April 7, 2014, defendant filed a six-page typewritten brief. In his brief, defendant essentially argues that (1) the trial court erred in denying his motion to withdraw his plea; and (2) his counsel rendered ineffective assistance of counsel (IAC).

First, we address the denial of his motion to withdraw. A guilty plea is valid as long as the record affirmatively shows it is voluntary and intelligent under the totality of circumstances. (*People v. Mosby* (2004) 33 Cal.4th 353, 361.) A guilty plea is voluntary

4

and intelligent when (1) it is made with the advice of competent counsel; (2) the defendant was made aware of the nature of the charges against him; (3) the plea was not induced by harassment, improper threats of physical harm, coercion, or misrepresentations; and (4) there is nothing to show the defendant was incompetent or otherwise not in control of his mental faculties. (*Brady v. United States* (1970) 397 U.S. 742, 750-756.)

Section 1018 provides, in pertinent part: "On application of the defendant at any time before judgment . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. [Citations.]" (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) "The general rule is that the burden of proof necessary to establish good cause in a motion to withdraw a guilty plea is by clear and convincing evidence. [Citations.]" (*Id.* at p. 1207.)

We review an order denying a motion to withdraw a guilty plea for an abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) If substantial evidence supports the trial court's order denying a motion to withdraw a guilty plea, that decision must be upheld on appeal. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917-918.) We adopt the trial court's factual findings to the extent they are supported by substantial evidence. (*Fairbank,* at p. 1254.) Thus, a plea "resulting from a bargain should not be

5

set aside lightly and finality of proceedings should be encouraged. [Citations.]" (*People v. Hunt* (1985) 174 Cal.App.3d 95, 103.)

Here, it appears that defendant is arguing that he was coerced into entering a guilty plea because he was late to the hearing on March 5, 2012, and only had "minutes to confer with [his] thoughts and family needs[,]" while he "was heavily medicated on various pain pills, medical marijuana, and alcohol."

At the hearing to withdraw, defense counsel Martinez testified; she represented defendant when he accepted the plea agreement. Martinez stated that on the date defendant pled guilty, she met with him. While discussing the plea offer from the prosecutor, she told defendant that the *Vargas* waiver was a bad idea. However, because defendant was in custody at that time because of his failure to appear, she informed defendant that he would need to pay the bail at $200,000 to get out of custody. She recalled advising defendant to wait and think about his case and set up a preliminary hearing instead of taking the plea offer. She explained to defendant "that 90 percent of the time the Vargas waiver is detrimental to the client, then it's always something. Because there's not really not any excuse for missing that date or – he had been late on a previous occasion. He had been late on that particular day, and I explained to him that if he is late again for any reason, whatever the excuse would be, that that would still be the maximum he would get on the Vargas waiver. It's always a bad idea."

During Martinez's cross-examination, she stated that she neither noticed any alcohol on defendant's breath nor anything unusual about his pupils. She also did not notice anything about defendant's behavior that day that would indicate that he was under

6

the influence of any drugs. She noted that he was coherent and responsive. Defendant never informed Martinez that he did not want to take the plea agreement.

After defense counsel argued defendant's case – extreme duress and under the influence of controlled substances and alcohol – the trial court noted that it could not "find anything remotely connected to duress in this plea." The court stated that there was nothing at the taking of defendant's plea that showed that defendant "had any reluctance of the deal at all. Every question that I asked him he answered that he wanted to do it. Nowhere in the transcript did I ever have to stop and have any kind of discussion - - there was - - it's my recollection and by the, I believe borne out by the transcript, there was never anything in his body language or his comments that for a second made me question his deal. [¶] I was extremely concerned as you saw in the transcript, I'm not going to go over it again, with him doing the Vargas waiver because of this here today, these type of consequences, but you're asking me to make a finding that I believe - - while you're asking me in good faith, it's not based on any evidence before the Court. The only evidence before the Court is that [defendant] doesn't want to go to prison for six years. That's the evidence before the Court, because there's nothing to suggest he was ever unhappy with [the plea agreement]." The court, therefore, denied defendant's motion to withdraw the plea.

Based on the above, we find that the trial court did not abuse its discretion by denying defendant's motion to withdraw his plea as there is ample evidence that defendant's plea was entered into knowingly and intelligently, unhindered by any drug use, and with adequate representation by counsel. Defendant signed the plea agreement

7

and initialed that he was entering into the agreement with full understanding of the agreement. At no time during the taking of the plea did defendant express any confusion with the deal. Based on the record, defendant entered into the plea agreement with full understanding of its terms and conditions.

Next, we address defendant's IAC claim. In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, *supra*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails. When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.)

In this case, defendant appears to be claiming that Martinez rendered IAC because she divulged "attorney/client privileged communication" when she informed the court

that defendant was running late to court because of childcare issues. At the hearing in question, after the case was called to order and defendant was not present, defense counsel Martinez tried to explain why defendant was late for the proceeding. She stated: "There was some problem with child care this morning. They only have one vehicle in the family, while the reporting party in this matter, apparently they're still together, so because they have to both be here, they're both ordered to be here and only have one vehicle. They had to wait for someone to take care of the child before they leave. Apparently, they couldn't find anybody, so they had to bring the child with them. The child is in the hallway." The reason Martinez informed the court of this communication was to explain defendant's delay in getting to the court. There is nothing in this statement to the court to indicate that the communication made to Martinez was privileged. The only reason for defendant to have informed his counsel of this situation was for her to communicate this with the court to explain his tardiness. This communication by Martinez does not make her performance in representing defendant "deficient." Even if it could possibly be deemed deficient, this did not prejudice defendant in any way. Defendant was late to his court date. This communication explained defendant's tardiness. Had defense counsel Martinez not mentioned defendant's reason for being late, nothing would have changed. In fact, a review of the record indicates that defense counsel Martinez rendered defendant with effective representation. She encouraged defendant to not take the plea offer because she found Vargas waivers to be detrimental to her clients. She asked defendant to think things over and set a preliminary hearing. Notwithstanding her advice, defendant decided to accept

9

the plea offer.  Based on the record, there is nothing to indicate that the performance of defendant's counsel was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms.  Defendant's IAC claim fails.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

RAMIREZ _____

P. J.

MILLER _____

J.

10