Filed 5/6/15  P. v. Fierro CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062496 |
| v. | (Super.Ct.No. FVA03945) |
| JOSEPH REY FIERRO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Joseph Rey Fierro appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes

Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]

Defendant filed notice of appeal on December 10, 2014.  We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with assault with a firearm (§ 245, subd. (a)(2), count 1), terrorist threats (§ 422, count 2), and possession of a firearm by a felon (former § 12021, subd. (a), count 3).  It was also alleged that defendant had two prior strike convictions from 1983 for attempted murder (§§ 664/187) and robbery (§ 211).  (§§ 667, subds. (b)-(i).)  The information further alleged that these two prior convictions constituted serious felony convictions, within the meaning of section 667, subdivision (a).  A jury convicted defendant of count 3, and the trial court dismissed counts 1 and 2 in the interest of justice.  The court subsequently found the two prior strike convictions true.  On October 27, 1995, the court sentenced defendant to state prison for 25 years to life.

On July 10, 2014, defendant filed a petition for resentencing under section 1170.126.  The court denied the petition since defendant had a prior strike conviction for attempted murder, which made him ineligible for resentencing.  (§ 1170.126, subd. (e)(3).)

On December 10, 2014, defendant filed a notice of appeal.  We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying the following potential arguable issues: (1) whether the court properly determined that defendant was ineligible for resentencing under the Three Strikes Reform Act; and (2) whether the court properly followed the statutory requirements of the Three Strikes Reform Act when it considered his petition.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In a one-page, handwritten letter brief, defendant states that he would like to withdraw his guilty plea from his 1983 attempted murder conviction, on the basis of ineffective assistance of counsel. "A defendant who seeks to withdraw his guilty plea may do so before judgment has been entered upon a showing of good cause." (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145; see § 1018.) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. [Citations.] However, '[a] plea may not be withdrawn simply because the defendant has changed his mind.' [Citations.]" (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Here, defendant is attempting to withdraw his plea long after judgment has been entered. Moreover, he has failed to establish good cause. He merely asserts that his counsel pressured him into

3

taking the plea agreement, that his codefendant went to trial and was acquitted, and that he was shot by the police, so they "claim[ed] attempt[ed] murder" to "justify" their actions. Defendant further states that, if he had not entered the plea agreement, he would only have one strike for robbery now. Defendant has failed to demonstrate mistake, ignorance or overbearance of his free will; thus, his claim fails.

Defendant also asks this court to declare a mistrial as to his current offense of being a felon in possession of a firearm (count 3). He appears to be arguing that the jury was somehow prejudiced, since it heard evidence on counts 1 and 2, which were subsequently dismissed. He further asserts that he was found guilty "by way of a police report," that no one testified against him in court, and that a firearm was never found in his possession. A mistrial is only proper where the trial court is "informed of the prejudice" and deems it incurable by admonition or instruction. (*People v. Panah* (2005) 35 Cal.4th 395, 444.) It does not appear that defendant moved for mistrial below. Thus, he has forfeited his request. In any event, defendant appears to actually be claiming that there was insufficient evidence to support his current conviction. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error. [Citation.] Thus, when a criminal defendant claims on appeal that his conviction was based on insufficient evidence of one or more of the elements of the crime of which he was convicted, we *must* begin with the presumption that the evidence of those elements *was* sufficient, and the defendant bears the burden of convincing us otherwise. To meet that burden, it is not enough for the defendant to simply contend, 'without a statement or

4

analysis of the evidence, . . . that the evidence is insufficient to support the judgment[] of conviction.' [Citation.] Rather, he must *affirmatively demonstrate* that the evidence is insufficient." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Defendant has failed to do so.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

5