Filed 3/17/16  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064728 |
| v. | (Super.Ct.No. FWV1503516) |
| MICHAEL ALLEN GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  James J. Hosking, Judge.  Affirmed.

Michael Allen Garcia, in pro. per., and Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Allen Garcia was charged by felony complaint with first degree residential burglary (Pen. Code,[1] § 459, count 1), resisting a peace officer (§ 148, subd. (a)(1), count 2), and disobeying a domestic relations court order (§ 273.6, subd. (a), count 3). Defendant pled not guilty. The complaint was later amended by interlineation to change the date the crimes occurred and to add count 4, alleging that defendant had committed corporal injury to a spouse. (§ 273.5, subd. (a), count 4.) Pursuant to a plea agreement, defendant pled no contest to counts 1 and 4. He also admitted that he violated his probation in another case by his conduct in the instant case. The court sentenced him to two years in state prison.

Defendant filed a handwritten notice of appeal, in propria persona. Appellate counsel subsequently filed an amended notice of appeal, based on the sentence or other matters occurring after the plea, and challenging the validity of the plea or admission. The amended notice of appeal stated that defendant would mail in his request for certificate of probable cause. However, it appears that defendant did not do so. We affirm.

PROCEDURAL BACKGROUND

On September 22, 2015, defendant was charged by felony complaint with first degree residential burglary (§ 459, count 1), resisting a peace officer (§ 148, subd. (a)(1),

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

count 2), and disobeying a domestic relations court order (§ 273.6, subd. (a), count 3). He pled not guilty.

On October 6, 2015, the case was called for a preliminary hearing. At the outset of the hearing, the People requested the complaint to be amended by interlineation to change the date the crimes occurred and to add count 4, alleging that defendant had committed corporal injury to a spouse. (§ 273.5, subd. (a), count 4.) The court granted the request. Defense counsel then asked to approach the bench and informed the court that defendant decided to accept the People's plea offer. The court addressed defendant directly and asked if he wanted to accept or reject the offer. Defendant initially said he was rejecting it. However, he almost immediately stated, "I am sorry, your Honor. I'll take it." The court asked to confirm with defendant one more time that he wanted to accept the offer. The parties took a recess and upon returning to the courtroom, the court again asked defendant if he was accepting or rejecting the offer. Defendant confirmed that he was accepting it. The parties took another recess to allow defense counsel time to review the change of plea form with defendant.

Upon returning to the courtroom, defendant withdrew his plea of not guilty and entered a plea agreement. Before accepting the plea, the court questioned him. It asked defendant if he personally initialed and signed the plea form, and he confirmed that he did. The court asked if he discussed the plea form with his attorney and understood everything on it. Defendant confirmed that he understood all the constitutional rights he was waiving, the nature of the charges, and the penalties and punishments. He agreed

that he understood the entire plea agreement and what would happen to him on the probation violation in his other case, if he admitted that he violated probation. One of the terms of the plea agreement stated that there would be a restraining order as to the victim. Defendant asked whether the restraining order meant that he could not write to his children (the children). The court noted that the order did not mention the children. The prosecutor stated that the children lived with the victim, so any letters would reach her residence. Defense counsel clarified that the reason the section 273.5 charge was added was that the victim requested a long restraining order, and they specifically negotiated that the restraining order would not apply to the children. Defense counsel further explained that that was why they added count 4 pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*). Defendant said he had no further questions. He then affirmed that no one had made any promises of a lesser sentence, no one had used threats or violence to force him to plead no contest, he was not under the influence of alcohol or medicine, and he had enough time to discuss his case with his attorney, including all of his rights, potential defenses, penalties, and future consequences. Defense counsel agreed that she had adequate time to discuss the issues with defendant and that he understood everything on the plea form. The court found that defendant had read and understood the plea form and was knowingly, intelligently, and voluntarily waiving his constitutional rights. Defendant orally entered a plea of no contest to counts 1 and 4. Defense counsel joined, and the People accepted. As to count 1, the parties stipulated to the police reports and felony complaint as establishing a factual basis for the plea. The parties also agreed that

4

the plea to count 4 was being made pursuant to *West*, which the court explained stood for the proposition that, if even there was no factual basis for the plea, a plea agreement could go forward if it was in defendant's best interest. The court dismissed the remaining counts and allegations. It then sentenced defendant, pursuant to the agreement, to the low term of two years on count 1, and one year concurrent on count 4.[2] The court also sentenced him to a consecutive eight months for his probation violation in the other case.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court properly advised defendant of his constitutional rights and the consequences of pleading guilty, and whether defendant properly waived his rights. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten brief, defendant contends that: (1) he never intended to enter a plea agreement, and the record shows he rejected it; however, his attorney used "bull-dogging tactics" to get him to accept the deal; (2) the prosecution added the section

---

[2] We note that the abstract of judgment in the appellate record incorrectly lists count 1 as corporal injury to a spouse (§ 273.5, subd. (a)), rather than first degree residential burglary (§ 459). However, defendant's opening brief indicates that the trial court corrected the original abstract of judgment on December 22, 2015.

5

273.5 charge (count 4) after he was talked into taking the deal, and there was no factual basis for that charge; (3) he was in a "heightened state of emotion[al] stress and depression, duress . . . from the constant badgering of defense counsel to have him take a plea bargain"; (4) the prosecution used "malicious tactics to prosecute this action for the sake of gaining a conviction"; (5) defense counsel had him plead no contest to the corporal injury charge (count 4) without telling him the elements required to prove it and without a factual basis; (6) defense counsel did not explain the burden of proof of the burglary charge, and there could be no legal or factual basis for burglary, since defendant entered the home he shared with his wife; (7) the test was whether there was substantial evidence to support the elements; and (8) he had no intent to commit a felony when he entered the home. Defendant also discusses due process rights, complains about a protection order, and asserts that he and the victim are married, he caught her cheating on him, and she has "done everything in her power to make sure [he stays] in jail." Defendant ultimately requests this court to allow him to withdraw his plea.

"A defendant who seeks to withdraw his guilty plea may do so before judgment has been entered upon a showing of good cause." (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145; see § 1018.) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. [Citations.] However, '[a] plea may not be withdrawn simply because the defendant has changed his mind.' [Citations.]"

6

(*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Here, judgment has already been entered. Furthermore, defendant has failed to show good cause for withdrawing his plea. The record shows that he freely pled no contest. Although the record does show that he told the court he was rejecting the prosecution's offer, as defendant points out, it also shows that he immediately changed his response and accepted the offer. Moreover, nothing in the record indicates that any factor overcame the exercise of defendant's free judgment. Rather, the record shows that he understood all the constitutional rights he was waiving, the nature of the charges, and the penalties and punishments. He understood the entire plea agreement and what would happen to him on the probation violation in his other case, if he admitted that he violated probation. Contrary to his claim on appeal, defendant confirmed with the court that no one had used threats or violence to force him to plead no contest. After thoroughly questioning him, the court found that defendant had read and understood the plea form and was knowingly, intelligently, and voluntarily waiving his constitutional rights. In addition, the parties stipulated to the police reports and felony complaint as establishing a factual basis for the plea in count 1, and the parties agreed that the plea to count 4 was being made pursuant to *West*, *supra*, 3 Cal.3d 595. We further note that "when a defendant pleads guilty or no contest and is convicted without a trial, only limited issues are cognizable on appeal. A guilty plea admits every element of the charged offense and constitutes a conviction [citations], and consequently issues that concern the determination of guilt or innocence are not cognizable. [Citations.]" (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Thus,

defendant's claims concerning the elements of the charges and the sufficiency of the evidence are not cognizable.  Ultimately, none of the issues raised by defendant constitute good cause to withdraw his plea.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST     
Acting P. J.

We concur:

MILLER           
        J.

CODRINGTON     
        J.

8