Filed 9/6/16  P. v. Viveros CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RAYMOND GUILLEN VIVEROS, <br><br> Defendant and Appellant. | F071631 <br><br> (Super. Ct. No. F13907200) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John J. Gallagher and Glenda Allen-Hill, Judges.[†]

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Detjen, J. and Franson, J.

[†]     Judge Gallagher presided in the preliminary hearing; Judge Allen-Hill presided in the change of plea and sentencing hearings.

**INTRODUCTION**

Appellant Raymond Guillen Viveros pled no contest to one count of corporal injury on a cohabitant, a violation of Penal Code[1] section 273.5, subdivision (a), in exchange for dismissal of another charge and an agreed upon maximum sentence. Viveros was sentenced in accordance with the agreement. Viveros filed a timely notice of appeal and a certificate of probable cause was granted. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

Francine Gurrola testified at the May 14, 2014, preliminary hearing that she and Viveros lived together off-and-on for 24 years. They were together on July 3, 2013, when an argument began. Viveros struck Gurrola in the face with his closed fist. Gurrola reached for her cell phone intending to call 911, but Viveros grabbed the phone and walked away. Gurrola followed, asking for her cell phone back. When she reached for the cell phone, Viveros kicked her. Gurrola started crying, telling Viveros if he would return her phone she would leave. Viveros told Gurrola if she would not call the police, he would give back her cell phone and pay her $100. Gurrola contacted the police on July 8, 2013.

The information filed May 22, 2014, charged Viveros in count 1 with corporal injury on a cohabitant, in violation of section 273.5, subdivision (a). Count 2 charged Viveros with dissuading a witness, a violation of section 136.1, subdivision (b)(1).

On January 15, 2015, Viveros executed a felony advisement, waiver of rights, and plea form. In the plea agreement, Viveros agreed to plead to the count 1 offense, in exchange for dismissal of the other count and a sentence that included no more than 90 days in custody with no time served in state prison. Viveros initialed the paragraphs of the form that stated he was aware he had the right to a trial, to present evidence, and to

---

[1] References to code sections are to the Penal Code.

2.

confront witnesses and was giving up these rights. He also initialed the paragraph that stated he had been provided "enough time" to discuss the case and all possible defenses with his attorney.

At the change of plea hearing on January 15, 2015, the trial court verified that Viveros had read the plea form, understood the form, had discussed his rights and the consequences of his plea with his attorney, was waiving his constitutional rights, and wished to enter a plea of no contest to count 1. The trial court then proceeded to accept the plea of no contest to count 1 and count 2 was dismissed.

A probation report was prepared prior to sentencing. The probation report noted that Viveros had graduated from Sanger High School in 1965 and thereafter obtained a college degree. He had no prior criminal record. The probation office recommended the mitigated term of two years in prison, suspended, and that Viveros be placed on probation for three years pursuant to section 1203.

At the sentencing hearing on March 3, 2015, the trial court imposed sentence in accordance with the plea agreement. Imposition of sentence was suspended and Viveros was placed on three years' probation, subject to serving 90 days in jail. Numerous terms of probation and various fines and fees were imposed.

Viveros timely filed a notice of appeal and requested a certificate of probable cause, which was granted.

**DISCUSSION**

Appellate counsel was appointed July 9, 2015. On October 15, 2015, appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d at page 436. That same day, this court issued its letter to Viveros inviting him to submit a supplemental brief. On December 22, 2015, Viveros submitted a letter brief.

In his letter brief, Viveros asserts that he had inadequate time to discuss the plea and the case with his defense counsel; was not allowed to answer the accusations against him; and his "side has never been heard."

3.

The record discloses that Viveros affirmatively represented in the plea form that he had been provided "enough time to discuss my case and all possible defenses with my attorney." Defense counsel signed the verification on the plea form, attesting that defense counsel had explained the plea form to Viveros; and discussed the facts of the case, the consequences of the plea, the elements of the offense, and possible defenses with Viveros. At the change of plea hearing, Viveros again confirmed that he had read and understood the plea form, understood he was giving up his constitutional right to a trial and to present a defense, and wanted to enter a plea of no contest.

The offense to which Viveros pled carried a maximum possible sentence of four years in prison. Defense counsel negotiated a plea agreement that provided for no prison time, three years' probation, and 90 days in jail. In his letter brief, Viveros complains about the terms of probation and the "52 week 'counseling' marathon" he has to participate in as a condition of probation.

The record establishes that Viveros understood the plea agreement and knowingly and willingly entered into the plea agreement. Viveros is now expressing postplea apprehension or "buyer's remorse"; however, postplea apprehension is not a valid basis for setting aside a plea agreement. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Both sides must abide by the plea agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 931.)

After an independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.