Filed 7/7/23  P. v. Villalpando CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079902 |
| v. | (Super.Ct.No. RIF2201458) |
| ERICK ANGEL VILLALPANDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge.

Reversed and remanded with directions.

Wohl Law and David E. Wohl for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and

Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Erick Angel Villalpando was charged by amended felony

complaint with driving under the influence of alcohol (Veh. Code, § 23153, subd. (a),

1

count 1) and driving with a blood-alcohol content of 0.08 percent or higher (Veh. Code, § 23153, subd. (b), count 2). As to both counts, it was alleged that defendant personally inflicted great bodily injury (GBI). (Pen. Code,[1] § 12022.7, subd. (a).) Pursuant to a plea agreement, he pled guilty to both counts and admitted the GBI allegations. A trial court placed him on probation for a period of three years, on specified terms and conditions, including that he spend 120 days in county jail. Defendant subsequently filed a motion to withdraw his plea (§ 1018), after learning that his teaching credential was revoked based on his conviction for a strike offense. The court denied the motion.

On appeal, defendant argues that the court abused its discretion in denying his motion to withdraw his plea. He also contends the denial of relief violated his equal protection rights. The People concede, and we agree, that the court erred in denying his motion. We therefore reverse and remand the matter for further proceedings.

PROCEDURAL BACKGROUND

On March 24, 2022, the Riverside County District Attorney (the district attorney) filed a felony complaint, charging defendant with driving under the influence of alcohol (Veh. Code, § 23153, subd. (a), count 1) and driving with a blood-alcohol content of 0.08 percent or higher (Veh. Code, § 23153, subd. (b), count 2).

On May 17, 2022, the district attorney amended the complaint to add the allegation, as to both counts 1 and 2, that defendant personally inflicted GBI during the commission of the felony. (§ 12022.7, subd. (a).)

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

The court held a hearing that same day. At the outset of the hearing, the court stated that it had a chambers conference with the parties that morning. The court noted there was an issue as to whether, if defendant pled guilty, the People would be adamant that he needed to serve the time "straight in custody." Defense counsel informed the court about defendant's employment as a schoolteacher and the potential loss of his job if he remained in custody, given that they were at the end of the school year.

The court stated that if defendant entered a plea, it would impose 120 days of custody and order him to wear a SCRAM device[2] while released on probation. The court added that it would postpone the surrender date for that custody time until June 23, 2022, at which time it would determine whether the time needed to be served straight or if defendant could serve the time on the work release program. The court then informed defendant that the People had submitted an amended complaint, which added allegations under section 12022.7. The prosecutor confirmed that the allegation would add three years to the sentence, and defense counsel informed the court that defendant had been advised that the allegation was under section 12022.7, subdivision (a), and would add an additional three years and make the offense a strike offense, and his maximum exposure was now six years.[3] The court reviewed the plea form with defendant and confirmed that he understood he was pleading guilty to a strike offense and that he understood the

---

[2] A SCRAM device appears to be an alcohol detection device.

[3] We observe that defense counsel only referred to a single allegation and strike offense, whereas the amended complaint added the section 12022.7 allegation to both counts 1 and 2.

constitutional rights he was waiving by signing the form. The court also informed defendant that because he was pleading to a felony, he would no longer be able to own or possess a weapon or ammunition. It then gave him the following example: "Say you're back at school teaching and some student dropped a bullet and you think you're doing the world a favor by collecting that and you picked it up, some police officer could say you're in violation of the law by having that bullet, and you could go to state prison up to three years. Because you have a strike in this case, that would get doubled to six." Defendant acknowledged his understanding and pled guilty to counts 1 and 2 and admitted as true the GBI allegations.

The court proceeded to place defendant on formal probation for a period of three years. It informed him that he would be released that day, he had two days to have the SCRAM device affixed, and he needed to complete a first offender impaired driver program. The court also stated that he would be brought back to court on June 23, 2022, and that if he was complying with all the specified conditions, it would likely allow him to serve the remainder of his time on the work release program instead of in county jail.

The court concluded by addressing defendant directly and stating: "You have a lot of things going for yourself. You have an impressive education. You have a good job, a lot of people that obviously care about you and watch you today, but you also obviously have some kind of issue with alcohol which you're struggling with; . . . The problem becomes when you drive a motor vehicle, and in this case you injured somebody. . . . As I advised you, if you do it again and you were to kill somebody this conviction would be evidence that the district attorney will use in your homicide trial to show that you've been

4

advised and lectured." The court added, "there's a lot of people in here that really don't have a lot going for themselves, and in some ways not a lot to lose. You have quite a bit on the table and so you have a major incentive."

Defendant returned to court on June 23, 2022, and requested to serve the rest of his sentence on work release. The court granted his request.

On August 3, 2022, defendant filed a motion to withdraw his plea. He argued that he had good cause for withdrawing his plea since it was the product of mistake and ignorance. He said that at the time he entered his plea, he was unaware that his admission of the GBI enhancement would result in the automatic loss of his teaching credential. Defendant attached a copy of a letter he had received from the Commission on Teacher Credentialing (the Commission), informing him that pursuant to Education Code section 44424, his teaching credential was revoked due to his felony convictions and admitted GBI enhancements.[4] He also submitted a declaration stating that he graduated from the University of California, Riverside, with a master's degree in education, and received his teaching credential in June 2013. In August 2013, he got a job teaching Spanish at a middle school and loved it. When he was subsequently charged with two counts of driving under the influence and causing GBI, he opted to take the plea bargain. He said no one advised him that by admitting the GBI allegation he would

---

[4] Education Code section 44424 provides, in relevant part: "Upon the conviction of the holder of any credential issued by the State Board of Education or the Commission on Teacher Credentialing of a violation, or attempted violation, of a violent or serious felony as described in Section 44346.1 . . . the commission shall revoke the credential." A "serious felony" includes any felony in which the defendant personally inflicts GBI on any person. (Ed. Code, § 44346.1, subd. (c), Pen. Code, § 1192.7, subd. (c)(8).)

automatically lose his ability to teach, and he found out only when he received the letter from the Commission. Defendant said he was devastated when he found out, and that, if he had known, he unequivocally would have rejected the court's offer and asked for more time or tried other ways to get the prosecutor to drop the GBI allegation so that he "would not lose what [he] worked for so long to achieve."

The court held a hearing on the motion on September 13, 2022. Defense counsel argued there was good cause to withdraw the plea because defendant was unaware that his plea would result in automatic revocation of his teaching credential. He asserted that advisement as to the loss of the credential needed to be part of advisement given to someone "who's entering into this type of plea." Counsel argued, "[T]he reality is there should have been an advisement of that, and the fact that there wasn't led to prejudice that literally took away [defendant's] entire career." Defense counsel compared the situation to that of a defendant who pleaded guilty without being advised as to the immigration consequences of the plea. He said he could not find a case directly on point but that defendant had demonstrated good cause for withdrawing his plea by showing that he entered the plea without knowing it would cause him to lose his career. Defense counsel contended such loss was not a collateral consequence of the plea, but a direct consequence since the Education Code stated that if someone is convicted of a strike offense, they lose their credential and are not entitled to a hearing.

The prosecutor argued that defendant's motion should be denied because the only evidence provided was defendant's self-serving declaration. The prosecutor also argued

6

that collateral consequences "do not need to be advised to the defendant" and that defendant losing his teaching credential was a collateral consequence.

The court denied defendant's motion to withdraw his plea, stating that "a defendant does need to be advised of all of the direct consequences that would flow from a conviction. He needs to be advised of what he's pleading guilty to, the maximum consequences, the length of probation, the time he's going to serve, [and] terms of probation." The court said it looked up the Education Code statute cited in the Commission's letter and noted that losing his credential was "essentially an immediate consequence of the fact of the type of conviction he suffered." The court then focused on whether defendant was legally entitled to "have that information provided to him." It stated that it found *Padilla v. Kentucky* (2010) 559 U.S. 356, which concerned a similar situation with immigration consequences, to be instructive. The court then concluded that there was no requirement for defendant to be advised of the consequence of losing his teaching credential and that it was a collateral consequence of the plea. The court added, ". . . here under the circumstances, I don't feel that anything occurred that [defendant] wasn't advised of that he didn't take into consideration and that he needed to be advised of." The court was empathetic, but said defendant was not foreclosed from being a teacher permanently since he could be successful on probation and possibly have his credential reinstated. The court then found that good cause had not been shown and denied the motion.

DISCUSSION

### The Trial Court Abused its Discretion in Denying the Motion to Withdraw

Defendant argues the court abused its discretion in denying his motion by applying the wrong standard and finding there was no good cause under section 1018.  He asks this court to reverse the order denying the motion and give him relief that we consider "just, proper, and equitable."  The People concede that the court applied the wrong standard when it concluded there was no requirement that defendant had to be advised of the consequence of losing his teaching credential and thereby erred in denying the motion.  The People state that defendant is entitled to a new hearing at which the court applies the correct law.  We agree with the People.

A. *Standard of Review*

"A defendant who seeks to withdraw his guilty plea may do so before judgment has been entered upon a showing of good cause." (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145 (*Weaver*); see § 1018.)  "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment.  [Citations.]  Other factors overcoming defendant's free judgment include inadvertence, fraud or duress." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)  " 'The burden is on the defendant to present clear and convincing evidence [that] the ends of justice would be subserved by permitting a change of plea to not guilty.' " (*Weaver*, at p. 146.)  " 'Withdrawal of a guilty plea is left to the sound discretion of the trial court.  A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' " (*Huricks*, at p. 1208.)  "A trial

court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85.)

B. *The Court Abused its Discretion*

In *People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793 (*Giron*), the California Supreme Court held that a defendant could establish good cause to withdraw a guilty plea under section 1018 by showing that he or she was unaware that the plea would result in deportation. (*Id*. at p. 798.) In that case, the defendant claimed that when he pled guilty to possessing marijuana, he, his attorney, the prosecutor, and the court were all unaware that deportation would be a collateral consequence of his plea. (*Id*. at pp. 796-797.) The Supreme Court stated that a trial court "in the exercise of its discretion directed to the promotion of justice may take into consideration such material matters with which an accused was confronted and as to which he made erroneous assumptions when he entered a guilty plea. The court might consider that justice would not be promoted if an accused, willing to accept a misdemeanor conviction and probationary status, cannot by timely action revoke his election when he thereafter discovers that much more serious sanctions, whether criminal or civil, direct or consequential, may be imposed." (*Id*. at p. 797.) The Court specifically stated: "We do not deem the thrust of the argument to be that [the defendant] was entitled as a matter of right to be advised of such collateral consequences prior to the acceptance of his plea nor do we so hold." (*Ibid*.) The Court held that "the test of abuse in such circumstances is whether after consideration of all relevant factors there was good cause shown for granting the motion and whether justice would be promoted thereby." (*Id*. at p. 798.)

In *People v. Patterson* (2017) 2 Cal.5th 885 (*Patterson*), the defendant similarly sought to withdraw his guilty plea on the ground that at the time of the plea, he was unaware the conviction would render him subject him to deportation. (*Id*. at p. 895.) In that case, the defendant was advised that his plea may have immigration consequences, and he alleged he was unaware that his plea would make him subject to deportation and that he would not have entered the plea if he had known. (*Id*. at p. 898.) The Supreme Court stated that, "[i]f those allegations are true, he did not appreciate the risk he was taking by entering a guilty plea. Nothing in our cases bars a trial court from exercising its discretion in these circumstances to grant or deny a motion under section 1018 to withdraw the plea on grounds of mistake or ignorance." (*Ibid*.) In other words, even when a defendant receives a proper advisement under section 1016.5, the advisement did not appear to be "a categorical bar to the withdrawal of a guilty plea on grounds of mistake or ignorance." (*Id*. at p. 896.)

The Court in *Patterson* noted that the trial court "did not rule on whether [the defendant] had credibly demonstrated that he would not have entered a guilty plea to possession of a controlled substance had he known the plea's immigration consequences." (*Patterson*, *supra*, 2 Cal.5th at p. 899.) Rather, the trial court concluded that even if he was unaware of the actual immigration consequences of his guilty plea, "he could not, as a matter of law, show good cause to withdraw that plea because he had been advised that his plea 'may' have adverse immigration consequences." (*Ibid*.) The Supreme Court held that the trial court erred in denying the motion on that basis and reversed the order and remanded for the trial court to exercise its discretion to determine

10

whether defendant had shown good cause to withdraw his plea on the grounds of mistake or ignorance. (*Ibid*.)

Here, it appears that the trial court denied defendant's motion to withdraw based on its conclusions that the loss of his teaching credential was a collateral consequence, and he was not required to be advised of that consequence. The court stated, "I don't feel that anything occurred that [defendant] wasn't advised of that he didn't take into consideration and that he needed to be advised of." The court was apparently saying it did not think anything happened that defendant needed to be advised of and thereby made the standard that he was not required to be advised that he would have his teaching credential revoked. However, whether or not defendant was advised of the consequence of losing his teaching credential was not determinative of whether he established good cause to withdraw his plea. In other words, the trial court did not rule on whether he had established good cause on the grounds of mistake or ignorance under section 1018. (See *Patterson*, *supra*, 2 Cal.5th at p. 899.)

We further note, as defendant points out, that the court's representations made it seem as if he would be able to keep teaching. At the outset of the plea hearing, defense counsel informed the court that defendant was a teacher and could lose his job if he remained in custody, given that they were at the end of the school year. The court agreed to postpone the surrender date until June 23, 2022, at which time it would determine if he could serve his custody time on the work release program. Furthermore, the court informed defendant that because he was pleading to a felony, he would no longer be able to own or possess a weapon or ammunition. It gave him the example that he would be in

11

violation if he was "back at school teaching" and a student dropped a bullet, and he picked it up. The court later acknowledged defendant had a "good job" and warned him of what would happen if he were to drink and drive again and kill someone, stating that he had "quite a bit on the table."

In view of the circumstances, we will remand the matter to the trial court to consider the relevant factors and rule on whether defendant has credibly demonstrated that he would not have entered a guilty plea had he known of the consequence of losing his teaching credential. (See *Giron*, *supra*, 11 Cal.3d at p. 798 & *Patterson*, *supra*, 2 Cal.5th at p. 899.) In light of this conclusion, we find it unnecessary to address defendant's additional argument that the court's denial of his motion violated his right to equal protection.

### DISPOSITION

The order denying defendant's motion to withdraw his plea is reversed, and the matter is remanded to the trial court to determine if defendant has established good cause to withdraw his plea on the grounds of mistake or ignorance under section 1018. We express no view as to whether defendant has established good cause.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                                            J.

We concur:

McKINSTER _____
            Acting P. J.
MILLER _____
                        J.

12