Filed 8/3/21  P. v. Spears CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br> v. <br> DOMINIC EMANUEL SPEARS, <br>     Defendant and Appellant. | A161304 <br><br> (Solano County <br> Super. Ct. No. FCR338966) |

Defendant Dominic Emanuel Spears, also known as Demetrus Elijah Spears, appeals from a judgment imposing a two-year prison sentence following a no contest plea.  Counsel for defendant has filed an opening brief in which she raises no issues and asks this court for an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel informed defendant of his right to submit a supplemental brief and he has not filed one.  We have conducted the review and, finding no arguable issues to be briefed, affirm the judgment.

## BACKGROUND[1]

On July 11, 2018, defendant stole various items from a convenience store.  When an employee attempted to stop defendant from leaving, defendant repeatedly punched the employee in the face.

---

[1] We take the facts from the probation report.

1

Defendant was charged with second degree robbery (Pen. Code, § 211 [count 1]),[2] assault by means likely to produce great bodily injury (§ 245, subd. (a)(4) [count 2]), and petty theft (§§ 484, subd. (a), 490.2 [count 3]).

On September 20, 2018, defendant waived his right to counsel and pleaded no contest to second degree robbery (count 1) in exchange for dismissal of the remaining counts and a promise of probation.

On October 19, 2018, the trial court granted defendant's motion to withdraw his plea on the grounds that the complaining witness had been arrested for pepper spraying a customer; this information was relevant to defendant's claim that he assaulted the employee in self-defense.

On December 19, 2018, defendant pleaded no contest to assault by means likely to produce great bodily injury (count 2) in exchange for the dismissal of counts 1 (second degree robbery) and 3 (petty theft) with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 and a promise of probation. The trial court suspended imposition of sentence and placed defendant on formal probation for three years.

On June 6, 2019, the trial court granted probation's request to revoke defendant's probation for failure to report as ordered and issued a bench warrant for his arrest.

On December 31, 2019, defendant admitted the violations as alleged. The trial court reinstated defendant on probation subject to certain modifications.

On July 13, 2020, the trial court granted the prosecution's request to revoke probation for defendant's failure to obey the law based on his arrest for four misdemeanor violations (§§ 243, subd. (d), 594, subd. (a), 273a, 1203.2.)

---

[2] All further undesignated statutory references are to the Penal Code.

On July 22, 2020, defendant admitted the probation violations as alleged in exchange for the dismissal of the misdemeanor case.

On August 18, 2020, defendant orally moved to replace his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 and to withdraw his negotiated plea. Following a hearing, the trial court denied the *Marsden* motion.

On August 26, 2020, defendant filed a formal motion to withdraw his negotiated plea entered on December 19, 2018, based on the following reasons: (1) the anti-inflammatory medication defendant was prescribed at the time he entered the plea "interfered with his ability to understand the requirement he would be placed on Post Community Release Supervision"; (2) his own pro se research indicated that he had a " 'heat of passion' " defense; (3) his mother "told him to take the plea" or she would "disown him"; and (4) he would not have entered the plea had he known that, due to COVID-19 restrictions, he would have to remain in county jail instead of serving his sentence in prison.

On September 2, 2020, after the trial court denied the motion to withdraw for lack of a "legal or valid cause," defendant orally made a second motion to replace his appointed counsel. The trial court conducted a *Marsden* hearing and denied the motion, whereupon defendant left the courtroom, telling the court to send its sentence to him "in the mail." After noting that defendant had voluntarily left the proceedings, the trial court sentenced defendant to the low term of two years in state prison. He received a total of 512 days credit: 256 actual days and 256 good/work days.

Defendant appealed, challenging the denial of his motions to replace counsel and withdraw his plea. He obtained a certificate of probable cause.

## DISCUSSION

A *Marsden* motion is successful only upon a showing that there was ineffective assistance of counsel or an irreparable breakdown in communications between the defendant and counsel. (*People v. Vera* (2004) 122 Cal.App.4th 970, 979.) After thoroughly reviewing the sealed transcripts, we conclude defendant failed to make the requisite showing at either of the *Marsden* hearings.

A plea may be withdrawn if the defendant establishes good cause for withdrawal by clear and convincing evidence. (§ 1018; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1207.) We review the denial of a motion to withdraw a plea for abuse of discretion. (*Huricks*, at p. 1208.) Good cause is established upon a showing "that [the] defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment." (*Ibid.*) The record indicates that defendant entered into a knowing and voluntary plea. Defendant's own legal research into a possible defense, his communications with his mother, and his taking anti-inflammatory medication do not constitute good cause to withdraw his plea. Accordingly, the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.

## DISPOSITION

The judgment is affirmed.

4

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.